THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Robert Duncan
 McCall, Appellant.
 
 
 

Appeal From Greenville County
 C. Victor Pyle, Jr., Circuit Court Judge
Unpublished Opinion No. 2007-UP-453
Submitted October 1, 2007  Filed October
 10, 2007
AFFIRMED

 
 
 
 J. Falkner  Wilkes, of Greenville; for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General David A. Spencer, of Columbia; Robert M. Ariail, of Greenville;
 for Respondent.
 
 
 

PER CURIAM: 
 Robert Duncan McCall appeals his convictions for the offenses of criminal
 sexual conduct with a minor in the first degree and committing a lewd act upon
 a minor.  At issue in this appeal is whether the trial judge erred in denying
 McCalls motion for an independent psychological examination of the victim.  We
 affirm.[1]
FACTS
A
 grand jury in Greenville County indicted McCall for the offenses of criminal
 sexual conduct with a minor in the first degree and committing a lewd act on a
 minor.  The victim was McCalls niece by marriage. 
On
 October 24, 2003, the trial court, Judge Edward W. Miller presiding, held a
 hearing on McCalls motion to have the victim undergo an independent
 psychological or psychiatric evaluation.  In support of the motion, counsel for
 McCall noted the following:  (1) the victim was a special needs student; (2)
 the victim went through two rounds of group therapy at a sexual trauma center and
 was told she could not do a third round; (3) the victims mother once stated
 the victim wanted to recant her accusations against McCall; (4) the defense was
 willing to pay for the evaluation and had identified three psychiatrists who
 could perform it; (5) the charges against McCall were based in part on
 incidents allegedly occurring as long as six years before the victim came
 forward; (7) the indictments were based primarily on statements by the victim
 and her mother; and (8) there were possible fantasy issues between the victim
 and McCall.  Counsel further submitted an affidavit with hearsay evidence that
 the victim engaged in masturbation and once allowed a cousin to shave off her
 pubic hair.
In
 response, the solicitor objected to the motion, noting the victims handicaps
 were orthopedic rather than emotional and she was a mainstream student who had
 achieved good grades and did not have behavior
 problems.  The solicitor further asserted the therapy the victim received was
 necessitated by the alleged sexual abuse on which the indictments were based and
 problems associated with her physical disabilities rather than on any emotional
 or psychological abnormalities.  Similarly, the solicitor averred the excessive
 masturbation could be associated with a history of sexual abuse. 
 Finally, the solicitor dismissed the shaving incident as a childhood antic
 that was not indicative of any sexually deviant behavior on the victims part.
By
 written order dated October 24, 2003, Judge Miller denied McCalls motion for
 an independent evaluation of the victim.  In the same order, however, he
 ordered the State to turn over any and all records of psychological evaluation
 of the Victim as soon as possible and granted McCall leave to revisit this
 issue if review of these documents shows a compelling need for psychological
 evaluation of the Victim. 
Following a trial
 by jury before Judge C. Victor Pyle on January 12-15, 2004, McCall was
 convicted of both offenses and received concurrent sentences of twenty years on
 the charge of first-degree criminal sexual conduct with a minor and fifteen
 years on the charge of lewd act on a minor. This appeal followed.
LAW/ANALYSIS
Relying on In
 re Michael H., 360 S.C. 540, 602 S.E.2d 729 (2004), both at trial and on
 appeal, McCall asserts his motion to have the victim undergo an independent
 evaluation should have been granted.  In addition to the arguments he raised
 during the pre-trial hearing, he also argues on appeal that, during the trial,
 the victims allegations changed dramatically from what she related during the
 investigation.  Finally, McCall notes that, contrary to Judge Millers
 instructions, no treatment records for the victim had been made available to
 him.  We hold McCall failed to preserve his arguments for appellate review.
A trial judge has
 the discretion to order a psychological examination in cases in which the
 child is the complaining victim upon a showing of compelling need.  In re
 Michael H., 360 S.C. at 551-52, 602 S.E.2d at 735.  The trial judge,
 however, must have the opportunity to determine whether such an examination is
 warranted in a particular case.  Id. at 546, 602 S.E.2d at 732.  
Like McCall, the
 defendant in Michael H. unsuccessfully moved before the final hearing took
 place to have the complaining witness submit to a psychological evaluation.  Id. at 544, 602 S.E.2d at 731.  Unlike McCall, however, the defendant in Michael
 H. moved again to have the complainant submit to a psychological evaluation
 after a clinical psychologist treating the complainant testified at trial and
 defense counsel discovered he had not received notes concerning reports by the
 complainant that he [the complainant] had been hearing voices in his head for
 some time.  Id. at 544-45, 602 S.E.2d at 731.
In contrast, during
 the jury trial in the present case, defense counsel made only a passing
 reference to his prior motion to have the victim evaluated, stating at the
 beginning of the hearing, And just for the record I would like to note that I
 still objected to that ruling just to protect myself.  At no time did defense
 counsel expressly argue that the inconsistencies between the victims trial
 testimony and her statements during the investigation warranted an order for
 her to submit to a psychological evaluation, and we see no way to construe
 counsels statements to encompass such an assertion.  Similarly, the record
 does not show any attempt by the defense to compel the State to release the
 victims treatment records.  See State v. Fletcher, 363 S.C. 221,
 258, 609 S.E.2d 572, 591 (Ct. App. 2005), cert. granted (Oct. 19, 2006) (A general objection
 which does not specify the particular ground on which the objection is based is
 insufficient to preserve the issue for review.).  Because the
 trial judge never had the opportunity to consider, much less rule on, whether
 the information elicited during the trial would constitute a compelling reason
 to order a psychological evaluation of the victim or whether McCall was
 unjustifiably deprived of access to the victims treatment records, we cannot
 address these issues on appeal.  
AFFIRMED.
ANDERSON and
 THOMAS, JJ., and GOOLSBY, A.J., concur. 

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.